10 F.3d 810
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose A. GUTIERREZ and Severo Meza, Jr., Defendants-Appellants.
 Nos. 92-3410, 92-3415.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1993.
 
 Before SEYMOUR, BARRETT, and ANDERSON, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 SEYMOUR Defendants Jose A. Gutierrez (Gutierrez) and Severo Meza, Jr. (Meza) appeal from the district court's order denying their motions to suppress evidence. After carefully reviewing the record and defendants' arguments, we AFFIRM.
 
 I.
 
 2
 Trooper Brian Smith of the Kansas Highway Patrol was patrolling Interstate 35 when his attention was attracted by a pickup truck with a large white toolbox in the back, driven by Gutierrez. Smith followed the truck to a rest area where he parked his vehicle next to the truck without blocking its exit at 11:48 a.m. and engaged Gutierrez and his passenger, Meza, in conversation. Smith's tone and manner were courteous and polite, and he specifically informed Gutierrez that he was not under arrest. Both Gutierrez and Meza were very nervous during the encounter with Smith, who radioed for backup assistance and a drug-detection dog. Trooper William D. Heady arrived at the rest area at approximately 12:19 p.m. to assist Smith.
 
 
 3
 Smith found out that Gutierrez did not have a driver's license in his possession, although he claimed to have a valid Texas driver's license elsewhere. Gutierrez did produce an invoice that showed he purchased the truck the day before. Smith learned after contacting dispatch that Gutierrez did in fact have a valid Texas driver's license. He issued Gutierrez a written warning citation, returned his documentation, and informed both individuals that they were "free to leave." Smith then asked Gutierrez and Meza if they would mind answering a few more questions, and asked for permission to search the truck. Gutierrez refused to give his consent. Heady informed Meza that he was free to go and then obtained Meza's consent to search his duffel bag.
 
 
 4
 Before the duffel bag was searched, Trooper Marmon arrived on the scene with a drug-detection dog at 12:58 p.m. Before the dog alerted to the bag or truck, all three officers agreed that a strong odor of marijuana was emanating from the toolbox in the back of the truck. Moments later, Meza fled the scene on foot and was soon apprehended. When the drug-detection dog alerted on the truck and the duffel bag, both Gutierrez and Meza were advised of their rights. The following search revealed 261 pounds of marijuana in the toolbox and a small bag of marijuana in the duffel bag.
 
 
 5
 Gutierrez and Meza were arrested and charged with conspiracy to possess and possession with intent to distribute 260 pounds of marijuana in violation of 21 U.S.C. 841(a)(1), 846. Both defendants filed motions to suppress evidence, alleging Fourth Amendment violations. After an evidentiary hearing and without making any findings, the district court denied their motions in a ruling from the bench. Defendants then pled guilty, reserving the right to appeal the district court's order.
 
 II.
 
 6
 Gutierrez contends he was unlawfully seized without reasonable suspicion when Smith questioned him after issuing the warning citation. Similarly, Meza argues that any initial consensual encounter soon turned into a seizure unjustified by reasonable suspicion. Because the trial court below summarily denied the motions to suppress without any findings of fact, "this court must uphold the ruling if there is any reasonable view of the evidence to support it." United States v. Neu, 879 F.2d 805, 807 (10th Cir.1989). We believe there is.
 
 
 7
 There are three categories of citizen encounters with law enforcement officials. A consensual encounter involves a citizen's voluntary cooperation with law enforcement officials and is not a seizure implicating Fourth Amendment protections. United States v. Werking, 915 F.2d 1404, 1407 (10th Cir.1990). An investigative detention or "Terry stop," is a limited seizure and must be based on reasonable suspicion that a person has or is committing a crime. Id. Finally, an arrest is the most intrusive seizure under the Fourth Amendment and must be based on probable cause that the arrestee has or is committing a crime. Id. In determining whether a seizure has occurred, we consider the totality of the circumstances surrounding the encounter and inquire "whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter." Florida v. Bostick, 111 S.Ct. 2382, 2389 (1991). Applying this test, we conclude that both Gutierrez's and Meza's Fourth Amendment claims must fail.
 
 
 8
 The initial encounter between Smith and the defendants can be properly characterized as consensual. Smith was alone at the time and acted in a polite, courteous manner. Gutierrez and Meza both agreed verbally to answer Smith's questions, and Gutierrez was specifically informed that he was not under arrest. When Smith discovered Gutierrez did not have a valid driver's license in his possession, he had reasonable suspicion that a traffic violation had occurred, thus justifying an investigative detention.
 
 
 9
 Neither Gutierrez nor Meza testified at the suppression hearing. After reviewing the record, we conclude there is a reasonable view of the evidence that supports the district court's decision to deny the suppression motion. We are not persuaded that Meza was detained within the meaning of the Fourth Amendment simply because Gutierrez, the owner of the truck, was detained. Moreover, neither Gutierrez nor Meza contended below, or in their briefs on appeal, that the length of the investigative detention portion of the encounter violated their Fourth Amendment rights, see United States v. Place, 103 S.Ct. 2637, 2646 (1983), and we expressly decline to decide that issue. Thus, the encounter with Meza remained consensual during the time that Smith was checking on Gutierrez's license. Once Smith issued the written citation and returned Gutierrez's documentation, he informed both individuals that they were "free to leave." In a public setting, Smith asked Gutierrez and Meza if they would mind answering a few more questions. They agreed. Smith's manner was non-coercive and the totality of the circumstances do not suggest that a reasonable person would not have "felt free to decline the officers' requests or otherwise terminate the encounter." Bostick, 111 S.Ct. at 2389. This portion of the encounter was therefore consensual. See Werking, 915 F.2d at 1408-09. The ultimate detention and arrest of Gutierrez and Meza after the officers smelled marijuana and Meza fled the scene was justified by probable cause.
 
 
 10
 Accordingly, we AFFIRM the district court's denial of the motion to suppress of both Gutierrez and Meza.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3